## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-09325-R | Date | 07-18-2019 |
| Title | *Labor Commissioner, State of California v. Monique Johnson* | | |

Bankruptcy No.: 2:16-bk-26052-BR; Adversary No.: 2:17-ap-01205-BR

Present: The Honorable  R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Christine Chung | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) Order re: Bankruptcy Appeal re: Order Denying Labor Commissioner, State of California's Motion to Reconsider Under FRCP 60 (DE 1)**

### I.   INTRODUCTION

This matter comes before the Court on appeal from the United States Bankruptcy Court for the Central District of California. Appellant California State Labor Commissioner ("Appellant" or "Labor Commissioner") filed its opening brief on March 29, 2019 appealing the Order of the Bankruptcy Court denying Appellant's Motion to Reconsider Under FRCP 60 the parties' voluntary dismissal of the matter. (DE 18). For the following reasons, the Court **AFFIRMS** the Order of the Bankruptcy Court.

### II.   FACTUAL BACKGROUND

On December 7, 2016, Appellee Monique Johnson ("Johnson") filed a Chapter 7 bankruptcy petition. Included in the debts that Johnson sought to discharge through the bankruptcy was a debt owed to her former employee, Brittany Banuelos ("Banuelos"). Banuelos previously received a judgment against Johnson in a retaliation action. On March 20, 2017, the Labor Commissioner filed an Adversary Proceeding against the Debtor and Appellee, Monique Johnson, on behalf of Banuelos. In the Adversary Proceeding, the Labor Commissioner sought to establish that damages awarded to Banuelos in the retaliation action are non-dischargeable.

On August 29, 2017, the Labor Commissioner and Johnson executed a Stipulation of Dismissal ("Dismissal") of the Adversary Proceeding, pursuant to Federal Rule of Civil Procedure 41(a), which was filed and entered by the Bankruptcy Court on August 30, 2017. The Dismissal was without prejudice as to the rights of Banuelos. The Labor Commissioner's alleged reason for the Dismissal was their counsel, David Lawrence Bell's ("Bell") mistaken belief that Banuelos was unavailable. Bell claims that he sent Banuelos emails regarding the proceedings, to which she did not respond because she was in Mexico for a family emergency and did not have access to emails for several months. At the time of the Dismissal, Bell was unaware of this. However, contrary to Bell's belief, Banuelos allegedly assures that she could have been reached via telephone during that time.

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09325-R | Date | 07-18-2019 |
|----------|-----------------|------|------------|

| Title | *Labor Commissioner, State of California v. Monique Johnson* |
|-------|--------------------------------------------------------------|

The Labor Commissioner alleges that on or about August 29, 2017, the same day the Dismissal was executed by the parties, Banuelos resurfaced and contacted Bell to protest the Dismissal. On December 4, 2017, the Labor Commissioner filed a Rule 60(b) Motion seeking to vacate the Dismissal. The Labor Commissioner's primary basis for the Rule 60(b) Motion was that Bell only agreed to dismiss the matter as a result of his mistaken belief that Banuelos could not be contacted, and therefore, the decision to dismiss was the result of excusable neglect and Rule 60(b) warrants vacating the Dismissal.

On October 10, 2018, the Bankruptcy Court held a hearing on the Labor Commissioner's Rule 60(b) Motion and denied the Motion on the ground that the Labor Commissioner had failed to offer any admissible evidence to support its contentions. The sole evidence that the Labor Commissioner provided in support of the Rule 60(b) Motion was a declaration from Bell setting forth his mistaken belief that Banuelos was unavailable. Banuelos did not provide a declaration in support of the Motion. The Bankruptcy Court found that Bell's claims in his declaration regarding Banuelos were inadmissible hearsay evidence and that the failure to provide a declaration of Banuelos was fatal to the Motion. Thus, on October 22, 2018, the Bankruptcy Court filed and entered its Order denying the Motion. The Labor Commissioner now appeals this decision.

## III. JUDICIAL STANDARD

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a)(1); *In re Frontier Props., Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992). This Court reviews for abuse of discretion a bankruptcy court's ruling on a motion for relief from judgment pursuant to Rule 60(b). *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). Failure to exercise discretion is an abuse of discretion. *Central Valley Typographical Union, No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 749 (9th Cir. 1985).

"[A]ttorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6) . . . ." *Allmerica Fin. Line Ins. & Annuity Co.* 139 F.3d. 664, 666 (9th Cir, 1997). "As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Pioneer Inv. Services v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993).

## IV. DISCUSSION

Appellant argues that the Bankruptcy Court abused its discretion by failing to explicitly address the *Pioneer-Briones* factors for determining whether the error of a party or its counsel qualifies as "excusable neglect," determining that the Rule 60(b) motion was supported by "no evidence," and failing to find that counsel committed excusable neglect.

This Court need not explicitly address the individual *Pioneer-Briones* factors because the Labor Commissioner's Rule 60(b) Motion was denied due to overall lack of evidence. Moreover, the transcript of the Bankruptcy Court's hearing on the Rule 60(b) Motion indicates that the Court did in fact consider

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09325-R | Date | 07-18-2019 |
|---|---|---|---|
| Title | ***Labor Commissioner, State of California v. Monique Johnson*** | | |

the *Pioneer-Briones* factors, although it did not explicitly identify each of them. This is not an abuse of discretion. "Because the standard under Rule 60(b) is an equitable standard it may follow that in some circumstances a district court may satisfy the standard even though omitting to discuss some specified factor." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

Next, Appellant argues that the Bankruptcy Court failed to exercise any discretion when it found that the Rule 60(b) Motion was supported by no evidence. Appellant further alleges that the evidence in Bell's declaration, stating that the sole purpose for the Dismissal was his mistaken belief that Banuelos was unavailable, was never considered by the Bankruptcy Court in ruling on the Rule 60(b) Motion. This argument mischaracterizes the Bankruptcy Court proceeding.

First, the Bankruptcy Court did consider the evidence in Bell's declaration but determined that nothing set forth in the declaration provided new evidence to support the Rule 60(b) Motion. The Bankruptcy Court, referring to Bell's emails to Banuelos, acknowledged that Bell "did attempt to contact [Banuelos] and that is literally all the evidence . . . . There is no evidence that . . . anything happened after that." (DE 22-1, Ex. 5, 34:16-18). The Court continued, "[t]ell me if I'm wrong, what admissible evidence is there other than that fact?" (DE 22-1, Ex. 5, 34:22-24). Bell answered, "[n]one your Honor. Only that I was unable to obtain communications with . . . Banuelos." (DE 22-1, Ex. 5, 34:25-35:1). The Court went on to say, "[t]he evidence is you couldn't reach her. We knew that before." (DE 22-1, Ex. 5, 35:8-9). Clearly, the Bankruptcy Court did consider the evidence in Bell's declaration and determined that it was insufficient to grant the Motion.

Second, as for Bell's assertions that (1) "Banuelos had been, as she is currently, involved in this case to the highest degree"; and (2) "Banuelos had no way of knowing that communication with counsel was being sought, and she was not informed her claim was in danger of being dismissed" (DE 22-1, Ex. 1, ¶ 10), the Bankruptcy Court determined that this was inadmissible hearsay. In the absence of a declaration from Banuelos, there was no admissible evidence supporting Appellant's contentions (1) that Banuelos was out of the country with no access to email; (2) that Banuelos was available by phone during that time; and (3) that Banuelos has, in fact, actually resurfaced and is available to proceed with her claim.

Lastly, there is no explanation why the Rule 60(b) Motion was not filed until December 4, 2017 when Banuelos apparently became aware of the stipulation to dismiss on August 29, 2017, except that the delay was "solely due to press of business of counsel." (DE 18, at 9).

Appellant argues that Banuelos' testimony is not necessary to establish excusable neglect because the Rule 60(b) Motion is based on Bell's mistaken belief of Banuelos' unavailability, and her actual unavailability is irrelevant. Appellant states that "Banuelos would have nothing to say regarding [Bell's] mistaken belief. Whether Banuelos was really unavailable or not has no bearing on [Bell's] mistaken belief that she was." (DE 22-1, Ex. 5, 49:24-25). However, this argument also fails because

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09325-R | Date | 07-18-2019 |
|---|---|---|---|
| Title | ***Labor Commissioner, State of California v. Monique Johnson*** | | |

Banuelos' testimony was relevant and necessary.

Appellant's contention that Banuelos was unavailable by email and later became available was unsupported without testimony from Banuelos because Bell's testimony regarding that fact was ruled hearsay. The Bankruptcy Court noted, "we don't have admissible evidence that she's ever resurfaced." (DE 22-1, Ex. 5, 36:3-4). Appellant first agreed to the Dismissal in order to avoid a default and to preserve scarce resources of the court and counsel. If Banuelos remained unavailable, then there would be no reason to procced with the case. Therefore, evidence from Banuelos that she was available to proceed with the case was necessary for the Bankruptcy Court to consider granting Appellant's Rule 60(b) Motion.

In sum, the Bankruptcy Court did not abuse its discretion in denying Appellant's Rule 60(b) Motion on the ground that the Motion was unsupported by competent evidence.

## V.     CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Order of the Bankruptcy Court Denying Labor Commissioner, State of California's Motion to Reconsider Under FRCP 60.

**IT IS SO ORDERED.**

                                                          0          :     00

                              Initials of Preparer                cch